# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14 po 04

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DAVID CHADWICK CRISP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion for Jury Trial (#31) filed by the Defendant. The motion of the Defendant was addressed by the undersigned at a hearing that occurred on October 2, 2014. At the call of the matter on for hearing, it appeared that the Defendant was present with his counsel Eric W. Stiles and the Government was present through Assistant United States Attorney Richard Edwards. From the records in this cause and the arguments of counsel, the undersigned makes the following findings:

**Findings.** The Defendant is charged in an Amended Bill of Information (#33) with eighteen separate counts of violating various laws and regulations of the United States and the State of North Carolina regarding the hunting and taking of various forms of wildlife. At an arraignment hearing that previous occurred in this matter and a further arraignment hearing that occurred before the hearing of the Defendant's motion, the undersigned reviewed with all parties, including the

1

Defendant his attorney, the maximum possible penalties for each offense. As the record shall show, the maximum possible penalty for each one of the separate offenses charged against the Defendant does not exceed a term of imprisonment of more than six months or a fine in excess of $5000. As a result, all of the charges against the Defendant are petty offenses. 18 U.S.C. § 3559(a)(7)-(9). As set forth in the Memorandum and Order of Judge Martin Reidinger in files 2:13cr16-1 and previously in 2:14po04-1 (#23), the Defendant is not entitled to a jury trial. Quoting from Judge Reidinger's Order at page 4:

> Petty offenses, by definition, consist of a group of offenses made up of infractions and of Class B and C misdemeanors. 18 U.S.C. § 19. Petty offenses are unique in that the punishment for violating any single petty offense cannot exceed more than six months' imprisonment. 18 U.S.C. § 3559(a)(7)-(9). Consequently, the Sixth Amendment jury trial right is not implicated when a defendant is charged with a petty offense. Frank v. United States, 395 U.S. 147 (1969) (notwithstanding the constitutional right to trial by jury in all criminal prosecutions, it has long been the rule that so-called petty offenses may be tried without a jury). Id. At 148; United States v. Merrick, 459 F.2d 644, 645 (4th Cir. 1972) (there is no constitutional right to a trial by jury for a petty offense).

In the Defendant's brief, the Defendant contends that he is charged with state violations of which one constitutes a class one misdemeanor which subjects the Defendant to an offense which would exceed six months exposure to prison. During the hearing of this matter, counsel for the Defendant was requested to point out the charge against the Defendant which he contended had a maximum possible penalty in excess of six months. Counsel for Defendant agreed that such was not

the case and as shall appear of record, none of the charges against the Defendant call for a term of imprisonment in excess of six months. As a result of the foregoing, it does not appear that the Defendant is entitled to a trial by jury in this matter and the motion of the Defendant should be denied.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion for Jury Trial (#31) is **DENIED.**

Signed: October 8, 2014

Dennis L. Howell
United States Magistrate Judge